**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4251-16T2

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

ERNEST M. PIERCE, III,
a/k/a ERNEST M. PIERCE,

     Defendant-Appellant.

_____

> Argued February 4, 2019 – Decided March 11, 2019
>
> Before Judges Messano and Gooden Brown.
>
> On appeal from Superior Court of New Jersey, Law Division, Salem County, Indictment No. 15-10-0509.
>
> Michael T. Denny, Assistant Deputy Public Defender, argued the cause for appellant (Joseph E. Krakora, Public Defender, attorney; Michael T. Denny, of counsel and on the brief).
>
> David M. Galemba, Assistant Prosecutor, argued the cause for respondent (John T. Lenahan, Salem County Prosecutor, attorney; David M. Galemba, of counsel and on the brief).

PER CURIAM

A jury convicted defendant Ernest M. Pierce, III, of second-degree aggravated assault, N.J.S.A. 2C:12-1(b)(1); third-degree aggravated assault, N.J.S.A. 2C:12-1(b)(2); two counts of third-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(d); and first-degree carjacking, N.J.S.A. 2C:15-2.  Defendant raises the following points on appeal:

> POINT I
>
> DEFENDANT'S CONVICTION FOR CARJACKING SHOULD BE VACATED BECAUSE THE STATE FAILED TO PROVE BEYOND A REASONABLE DOUBT THAT THE VICTIM WAS EITHER IN CONTROL OR AN OCCUPANT OF THE CAR WHEN THE KEYS WERE TAKEN FROM HIM. (Not Raised Below).
>
> POINT II
>
> RESENTENCING IS REQUIRED BECAUSE THE COURT BASED ITS FINDING OF AGGRAVATING FACTOR ONE ON IMPERMISSIBLE GROUNDS.

We have considered these arguments in light of the record and applicable legal standards and affirm.

I.

The State's evidence at trial revealed that police responded to a reported stabbing at a gated apartment complex in Salem City at 9:57 p.m.  The first

2

officer on the scene entered the apartment of A.R., defendant's stepdaughter, and saw her bleeding from stab wounds to the neck and head.[1] Another officer who arrived shortly thereafter saw T.B., defendant's friend, running from the apartment complex. T.B. told police that defendant had "carjacked him, stole his car."[2] T.B. provided a description of the vehicle. The jury saw video recordings from both officers' dashboard cameras.

Eventually, T.B.'s car was located outside the emergency room of a hospital in Bridgeton. Defendant was inside with a stab wound to his shoulder. Bridgeton police notified the Salem City Police Department that defendant was in custody.

T.B. was a good friend of defendant's and testified about the trip to A.R.'s apartment. He, and another friend, A.P., picked up defendant and then picked up defendant's stepdaughters, A.R. and D.A., along with A.R.'s five-year-old son, before driving to the apartment. T.B. parked the car about ten yards from the apartment's entrance, next to the bottom of a handicap access ramp that led to the front door.

---

[1] We use initials to keep the victims' identity confidential.

[2] T.B.'s father owned the car.

At some point, T.B. agreed to drive D.A. to a friend's house, so he and defendant walked down the ramp to the car. As T.B. entered the vehicle with keys in hand, another car drove alongside. Defendant abruptly turned and ran back toward the apartment. T.B. initially waited in his car for three or four minutes before going back inside himself. Once there, he heard a female voice say defendant had a knife and saw defendant accusing A.R. of "trying to [expletive] set [him] up[,]" and stabbing her. T.B. and A.P. ran out of the apartment as defendant pursued them, first, running toward A.P. who ran off down an alley, and then toward T.B.

T.B. was standing "right on the corner of the apartment building, like right outside by the ramp." As defendant approached, T.B. asked, "Yo [b]ro, what are you doing?" Defendant waved a knife at T.B. and yelled, "Give me the keys or I'll kill you." T.B. threw the keys at defendant and fled. Defendant drove off.

It suffices to say that A.R. and A.P. testified and confirmed that defendant stabbed his stepdaughter. Defendant testified on his own behalf, and claimed A.P. attempted to rob him with a knife, and, in the course of the struggle, stabbed A.R. Defendant disarmed him and chased after A.P. When defendant realized

he was stabbed in the shoulder, he pleaded with T.B. to take him to a hospital. T.B. refused, but threw defendant the keys to his father's car.

Defense counsel submitted a proposed jury charge to the judge. An extended discussion ensued, because the carjacking count in the indictment alleged only that defendant committed the theft of the vehicle by "purposely put[ting T.B.] in fear of immediate bodily injury"; it did not charge defendant with knowing conduct. In charging the jury, the judge essentially followed Model Jury Charges (Criminal), "Carjacking (N.J.S.A. 2C:15-2)" (rev. June 13, 2005) (Model Charge), as apparently modified at defendant's request to omit references to knowing conduct.

As given, the charge also omitted the following paragraph from the Model Charge:

> Defendant's threat or use of force must be directed against either an 'occupant' or a 'person in possession or control' of a motor vehicle. However, the person need not actually be inside the motor vehicle when force is employed or threatened. A person may be either an 'occupant' or 'in possession or control' of a motor vehicle even when he[] temporarily steps out of the motor vehicle.
>
> [Id. at 4.]

The proposed charge provided by defense counsel is not part of the appellate record and the transcript of the charge conference did not discuss this

paragraph. Thus, we cannot tell whether the paragraph was intentionally omitted at defendant's request, as the State suggests, or whether its omission was inadvertent.[3] Neither the prosecutor nor defense counsel objected to the charge as given. The jury convicted defendant of the above charges and acquitted him of the attempted murder of A.R. and terroristic threats.

Defendant did not move for a new trial or judgment notwithstanding the verdict (JNOV). At sentencing, the judge merged the counts of the indictment that dealt with A.R. — the two assault convictions and one of the weapons counts — and merged the two counts that dealt with T.B. — the other weapons offense with the carjacking. The judge found aggravating factors three, six and nine applied to all counts. See N.J.S.A. 2C:44-1(a)(3) (the risk of re-offense); (a)(6) (the extent of defendant's prior criminal record); and (a)(9) (the need to deter defendant and others). As to the aggravated assault of A.R., the judge also found aggravating factor one. See N.J.S.A. 2C:44-1(a)(1) (the nature and circumstances of the offense and whether it was committed in "an especially heinous, cruel or depraved manner"). The judge sentenced defendant to an aggregate term of twenty-years imprisonment, subject to an eighty-five percent

---

[3] Given the state of the record, we must reject the State's claim that any error was "invited error." See State v. Jenkins, 178 N.J. 347, 359 (2004).

period of parole ineligibility pursuant to the No Early Release Act, N.J.S.A. 2C:43-7.2.

## II.

Defendant argues the State failed to prove the essential elements of N.J.S.A. 2C:15-2(a)(2), which provides that a person is guilty of carjacking "if in the course of committing an unlawful taking of a motor vehicle . . . he . . . purposely . . . puts an occupant or person in control of the motor vehicle in fear of, immediate bodily injury[.]" (emphasis added). According to defendant, there was insufficient evidence to prove beyond a reasonable doubt that T.B. was "in control of" the car when defendant threatened him at knifepoint and obtained the keys. In a single paragraph, defendant also argues the judge's omission of a portion of the model charge augmented the lack of proof. We disagree.

We have explained that N.J.S.A. 2C:15-2 does not "requir[e] that the defendant use force against an 'occupant' of an automobile only when the victim is within the actual structure of the vehicle." State v. Williams, 289 N.J. Super. 611, 616 (App. Div. 1996). N.J.S.A. 2C:15-2(a)(1), which provides for an enhanced penalty upon conviction, see N.J.S.A. 2C:15-2(b), provides that a person is guilty of carjacking "if in the course of committing an unlawful taking

of a motor vehicle . . . he . . . inflicts bodily injury or uses force upon an occupant or person in possession or control of a motor vehicle[.]" (emphasis added). However, "subsection (2) omits any mention of possession and refers only to an occupant or person in control." State v. Jenkins, 321 N.J. Super. 124, 132 (App. Div. 1999). As a result, we have held that "the statutory reference within subsection (2) to 'in control of' cannot be satisfied by proof of constructive possession of the car." Ibid. "[S]ubsection (2) . . . requires proof that the 'occupant or person in control' of the vehicle was placed within a heightened zone of danger with relationship to the subject vehicle." Id. at 131-32.

In State v. Matarama, the victim parked her car and headed toward the front door of her home, where two men accosted her and demanded her car keys. During the ensuing struggle, the victim's house keys were taken and her car keys went missing and were never found. 306 N.J. Super. 6, 12-13 (App. Div. 1997). We affirmed the defendant's conviction under subsection (1) of the carjacking statute. Id. at 18-21.

In Jenkins, the victim parked his car in a cemetery and walked to a grave marker before being confronted by the defendant who demanded money; the victim turned over his wallet. Once he removed the money and returned the wallet, the defendant demanded the victim's car keys, which the victim provided.

321 N.J. Super. at 126-27. We contrasted the facts with those in <u>Matarama</u>, noting in that case, the victim was "in close proximity to the automobile," which was the "expressed object of her attackers." <u>Id.</u> at 131.

We explained:

> [U]nder subsection (2) the State must present evidence on the issue of proximity to prove that the victim was either an "occupant or in control of" the vehicle.
>
> The victim's proximity to the vehicle is relevant in several regards. First, it clearly bears upon the victim's capacity to control the vehicle, either in terms of his own ability to operate it or to bar entry by others. It is relevant as well to establish that defendant's actions exposed the victim to a particular risk of harm beyond mere loss of the vehicle.
>
> [<u>Ibid.</u>]

We reversed the defendant's carjacking conviction because we were "utterly unable – as the jury would have been – to conclude that there was proximity of any sort between [the victim] and his vehicle." <u>Ibid.</u>

Here, the evidence demonstrated that T.B. parked the car at the bottom of the ramp leading to A.R.'s apartment, which she described as a "handicap ramp." The jury was able to see the ramp in the MVR recordings. T.B. testified that defendant threatened him with the knife and demanded the keys to the car as T.B. stood at the end of the ramp. The jury also heard testimony from other

witnesses about the proximity of the car to the ramp. Therefore, the jury was entitled to infer that T.B. was in close proximity to the vehicle when defendant threatened him with immediate bodily injury.

There was no objection to the charge as given, and the omitted paragraph does not define the terms "person in control." Rather, that paragraph stresses that the victim could be outside the vehicle and need not be one of its occupants. This omission did not prejudice defendant. At argument before us, defendant contended the model charge itself is inadequate because it does not define the terms. Needless to say, we will not entertain the argument for the first time on appeal. State v. Witt, 223 N.J. 409, 419 (2015). We affirm defendant's conviction.

Regarding the sentence, defendant argues the judge's application of aggravating factor one to the aggravated assault conviction was impermissible "double counting" because serious bodily injury was an element of the offense. We again disagree.

Generally, an element of a crime should not be counted as an aggravating factor, State v. Kromhold, 162 N.J. 345, 353 (2000) (citing State v. Yarbough, 100 N.J. 627, 633 (1985)), however, "[a sentencing] court . . . does not engage in double-counting when it considers facts showing [the] defendant did more

10

than the minimum the State is required to prove to establish the elements of an offense." State v. A.T.C., 454 N.J. Super. 235, 254-55 (App. Div. 2018) (citing State v. Fuentes, 217 N.J. 57, 74-75 (2014)).  "A sentencing court may consider 'aggravating facts showing that . . . defendant's behavior extended to the extreme reaches of the prohibited behavior.'"  Fuentes, 217 N.J. at 75 (quoting State v. Henry, 418 N.J. Super. 481, 493 (Law. Div. 2010)).  In particular, "a sentencing court may justify application of aggravating factor one, without double-counting, by reference to the extraordinary brutality involved in an offense." Ibid. (citing State v. O'Donnell, 117 N.J. 210, 217 (1989)).

That is precisely what the judge did in this case, and we find no basis to reverse the judge's exercise of his well-reasoned "structured discretion" in imposing sentence.  State v. Case, 220 N.J. 49, 63 (2014).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4251-16T2